1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SNOQUALMIE SUMMIT INN, INC., a
Washington corporation A/K/A FIRST
WESTERN INVESTMENTS,

                  Plaintiff,

     v.

TRAVELERS PROPERTY AND CASUALTY
COMPANY OF AMERICA F/K/A
TRAVELERS INDEMNITY COMPANY OF
ILLINOIS,

                  Defendant.

No. CV06-0517 MJP

ORDER ON TRAVELERS' MOTION
FOR PARTIAL SUMMARY
JUDGMENT

      This matter comes before the Court on Defendant Travelers Property and Casualty Company

of America ("Travelers") motion for partial summary judgment. (Dkt. No. 9). The parties dispute

how much Travelers, as Plaintiff's insurer, must pay to cover Plaintiff's loss. Having reviewed the

papers and pleadings submitted by the parties, the Court GRANTS Defendant's motion.

**Background**

      Plaintiff Snoqualmie Summit Inn, Inc., aka First Western Investments owned the Rock Chalet,

a building located at Snoqualmie Pass in Washington. Sometime during the winter of 1998-1999,

excessive snow loads damaged the Rock Chalet, and the building was a total loss. The parties agree

that the loss was covered under a policy (the "Policy") issued by Defendant on June, 30, 1998,

ORDER - 1

1   effective until July 30, 1999. (Bennett Decl., Ex. A). The parties also agree that the Policy entitled

2   Plaintiff to the replacement cost of the Rock Chalet. (Id. at 24). Plaintiff acquired a different

3   building—Stewart Lodge—as a replacement for the Rock Chalet, and notified Defendant of the

4   purchase by January 3, 2005. (Winchell Decl., Ex. F at 2-6). Plaintiff seeks reimbursement for the

5   replacement cost of the Rock Chalet, including the increased cost of construction attributable to newly

6   enacted building codes.

7        Defendant raises three issues in its motion for summary judgment. First, whether Plaintiff is

8   entitled to current reconstruction costs or the cost of reconstruction on the date of loss. Second,

9   whether Plaintiff is entitled to coverage under the Policy's Ordinance or Law provision. Plaintiff has

10  responded and cross-moved on the issue of coverage under the Ordinance or Law provision. (Dkt.

11  No. 13). The final issue is whether Defendant is estopped from denying coverage.

12                                     **Analysis**

13       This matter is before the Court on Defendants' motion for summary judgment. Summary

14  judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58

15  F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in

16  the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith

17  Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such

18  that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby,

19  Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the initial burden to

20  show the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398

21  U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the

22  nonmoving party to establish the existence of an issue of fact regarding an element essential to that

23  party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett,

24  477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its

25  pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

For issues involving the interpretation of an insurance contract, summary judgment is appropriate unless relevant terms of the contract are ambiguous, and to clarify the ambiguity, the parties introduce conflicting evidence.  Nat'l Gen. Ins. Co. v. Sherouse, 76 Wn. App. 159, 162, 882 P.2d 1207 (1995).

1.      Increased Construction Costs from the Date of Loss

        Defendant argues that Plaintiff is not entitled to reimbursement of current construction costs because any reimbursement under the Policy's replacement cost coverage should be the cost of replacement on the date of loss.  The Policy's valuation provision plainly states that in the event of loss or damage, the value of the property will be "the replacement cost . . . as of the time of loss or damage..."  (Bennett Decl., Ex. A, at 25).  Plaintiff agrees that the Policy measures damages for replacement costs as of the date of loss.  (Resp. at 18).  Because Plaintiff does not dispute Defendant's reading of the plain language of the contract, Defendant is entitled to summary judgment.  See State Farm Mutual Auto. Ins. Co. v. Ruiz, 134 Wn.2d 713, 721, 952 P.2d 157 (1998) (holding that the court must enforce an insurance policy as written if the language is clear and unambiguous). However, the Court reserves holding on the increased cost of construction on the remaining causes of action in tort.

2.      Additional Coverage Under the Policy's Ordinance or Law Provision

        The parties have filed cross-motions for summary judgment on the issue of whether Plaintiff is entitled to coverage under part A(4)(g) of the Policy, the "Ordinance or Law" provision.  Under the Policy, damages resulting from the enforcement of any ordinance or law regulating construction or repair are excluded from coverage, unless the insured qualifies for coverage under the separate Ordinance or Law provision.  (Bennett Decl., Ex., A, at 22).  The applicable portions of the disputed Ordinance or Law provision are as follows:

> **g.  Ordinance or Law Coverage**
>     **(1)** If a Covered Cause of Loss occurs to a Covered Building we will pay:
>         **...**
>         **(b)** When the Covered Building is insured for replacement cost, the increased cost to repair, rebuild or construct the property caused by

1   enforcement of building, zoning or land use ordinance or law. If the
property is repaired or rebuilt, it must be intended for similar occupancy

2   as the current property, unless otherwise required by zoning or land use
ordinance or law.

3

(**4**) We will not pay for increased construction costs under this coverage:

4   (**a**) Until the property is actually repaired or replaced, at the same
location or elsewhere; and

5   (**b**) Unless the repairs or replacements are made as soon as reasonably
possible after the loss or damage, not to exceed 2 years.  We may

6   extend this period in writing during the 2 years.

7   (**5**) The most we will pay for increased construction cost under this coverage is
the increased cost of construction of a building of the same size:

8   (**a**) at the same premises; or
(**b**) if the ordinance or law requires relocation to another premises, the

9   cost at the new premises.
The most we will pay for loss under the Additional Coverage is $250,000 in any

10  one occurrence.

11  (Id. at 19-20).

12      If a contract provision is susceptible to at least two different reasonable interpretations, the

13  provision is ambiguous.  See Weyerhaeuser Co. v. Aetna Cas. & Sur. Co., 123 Wn.2d 891, 897, 874

14  P.2d 142 (1994).  If an unresolved ambiguity exists, the court must construe it in favor of the insured.

15  Id.  However, determining whether an insurance contract is ambiguous is a question of law to be

16  resolved by the court.  See id.  If the court finds that the contract is unambiguous, it must enforce it as

17  written.  State Farm, 134 Wn.2d at 721.

18      Defendant argues that part A(4)(g)(1)(b) (the "coverage subsection") of the Ordinance or Law

19  provision, is unambiguous because it explicitly states that the insurer will only pay for a loss resulting

20  from "the increased cost to repair, rebuild or construct the property caused by enforcement of . . . [an]

21  ordinance or law."  (Bennett Decl., Ex. A, at 20) (emphasis added).  Defendant argues that because

22  Plaintiff purchased an existing structure to replace The Rock Chalet instead of repairing, rebuilding or

23  constructing a replacement, Plaintiff is not covered under the Ordinance or Law provision.

24      Plaintiff disputes Defendant's interpretation, arguing that when construed in light of two other

25  subsections in the Ordinance or Law provision, the coverage subsection is ambiguous.  First, although

ORDER - 4

1   the coverage subsection limits payment for increased construction cost to repaired, rebuilt or

2   constructed replacements, part A(4)(g)(4) provides as follows:

3       We will not pay for increased construction costs under this coverage:
        (a) Until the property is actually <u>repaired or replaced</u>, at the same location or
4       elsewhere . . . .

5   (<u>Id.</u>) (emphasis added).  Plaintiff argues that it should receive increased construction costs when the

6   building is replaced, regardless of whether Plaintiff built the replacement or purchased a pre-existing

7   structure at a different location.  Plaintiff claims that the discrepancy between the use of the word

8   "replace" in subsection (g)(4), and "repair, rebuild, or construct" in the coverage subsection, creates

9   an ambiguity because it is unclear whether Plaintiff must construct a replacement in order to qualify

10  for coverage or whether Plaintiff may simply purchase a pre-existing structure.

11          However, a court's determination regarding whether a term is ambiguous may vary depending

12  on the context in which the term is used in the policy.  <u>Queen City Farms, Inc. v. Cent. Nat'l Ins. Co.</u>,

13  126 Wn.2d 50, 81-82, 882 P.2d 703 (1994).  In the context of the entire Ordinance or Law provision,

14  the word "replace" does not create any ambiguity.  The Policy uses the word "replace" only after

15  explicitly stating in the coverage subsection that the insurer will only pay for the increased cost to

16  "<u>repair, rebuild or construct</u>" the property.  In addition, subsection (g)(4) expressly applies to payment

17  of "increased <u>construction</u> costs under this coverage."   In the context of the entire Ordinance or Law

18  provision, the word "replace" is modified by the repeated references to construction.  Therefore,

19  "replace" should be interpreted in harmony with these other terms in order to avoid creating an

20  ambiguity where none exists.  <u>See</u> <u>Am. Star Ins. Co. v. Grice</u>, 121 Wn.2d 869, 874, 854 P.2d 622

21  (1993) (holding that to the extent possible, a policy should be harmonized so that all of its parts and

22  provisions can be enforced); <u>W. Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.</u>, 80 Wn.2d 38, 44,

23  491 P.2d 641 (1971) (holding that a court may not interpret a policy to create non-existent ambiguities

24  that result in the policy being construed in favor of the insured).

25

ORDER - 5

1    Plaintiff also incorrectly relies on cases addressing replacement cost coverage.  See, e.g., Hess

2  v. N. Pac. Ins. Co., 122 Wn.2d 180, 184-85, 859 P.2d 586 (1993) (holding that the insured is entitled

3  to replace at an alternate location, and that the reimbursement amount is the cost to rebuild the

4  original structure).  Neither party disputes that Plaintiff is entitled to full replacement cost coverage,

5  even if Plaintiff elects to purchase a pre-existing structure as a replacement.  The dispute concerns

6  additional coverage under the Ordinance or Law provision, and Plaintiff does not explain why the

7  Policy's replacement cost coverage is analogous to the Ordinance or Law provision.  At oral

8  argument, Plaintiff compared section F(7)(k), found in the replacement cost valuation section of the

9  Policy, and section A(4)(g)(4), which is a subsection to the Ordinance or Law provision.  The former

10  contemplates valuation ("[w]e will not pay more for loss... than...), while the latter places conditions

11  on payment for a loss ("[w]e will not pay... until").   The provisions are not analogous, and therefore

12  the replacement cost cases cited by Plaintiff are inapposite.  Furthermore, unlike the Policy's

13  replacement cost coverage, coverage under the Ordinance or Law provision is expressly limited to

14  repaired, rebuilt or constructed property.  (Bennett Decl., Ex. A, at 20).

15    Finally, Plaintiff argues that if Defendant's interpretation of the Policy prohibits coverage for

16  increased construction costs when Plaintiff elects to purchase a pre-existing structure as a

17  replacement, then subsection (g)(5) of the Ordinance or Law Provision (the "valuation subsection") is

18  rendered superfluous.  See Wolstein v. Yorkshire Ins. Co., 97 Wn. App. 201, 215, 985 P.2d 400

19  (1999) (holding that each clause of an insurance contract is to be given effect and no clause should be

20  rendered superfluous).  The valuation subsection provides as follows:

21    The most we will pay for increased construction cost under this coverage is the
     increased cost of construction of a building of the same size:
22    (a) at the same premises; or
     (b) if the ordinance or law requires relocation to another premises, the
23    cost at the new premises.

24  (Bennett Decl., Ex. A, at 20).  Plaintiff claims that the valuation subsection contemplates a comparison

25  of costs because it calculates valuation as "the most we will pay . . ." between two alternatives.

1    Neither alternative contemplates voluntary relocation of the structure.  Plaintiff concludes that if it

2    cannot elect to rebuild at a different location, there would never be a comparison between costs, and

3    the valuation subsection would become superfluous.

4         Plaintiff takes a very narrow reading of the valuation subsection.  Under a broader reading of

5    the subsection, Plaintiff could elect to rebuild on a different site but would receive the same

6    reimbursement for ordinance or law related cost increases that it would have received if it had rebuilt

7    on the original site.  A broader reading of the valuation subsection is also consistent with use of the

8    term "construct" in the coverage subsection, because it suggests that the Ordinance or Law provision

9    contemplates replacement by construction instead of the purchase of an existing structure.

10        The initial burden is on the plaintiff to establish coverage.  See Am. Star Ins., 121 Wn.2d at

11   875.  A policy should be interpreted in a manner consistent with how it would be understood by the

12   average person purchasing insurance.  See Queen City Farms, 126 Wn.2d at 77.  It would be illogical

13   for Plaintiff to receive additional funds to pay for the increased cost of construction when nothing is

14   actually built.  Under Plaintiff's interpretation, it could theoretically purchase an identical structure

15   directly adjacent to the original structure, made to the same specifications, and retain the increase for

16   ordinance or law upgrades as a windfall.  It would also be illogical for Plaintiff to receive additional

17   funds when Plaintiff has not cited any ordinance or law that has caused an increase in the cost of

18   reconstruction.  As a matter of law, Plaintiff cannot meet its burden of proving coverage under the

19   Ordinance or Law provision because the terms of the provision are unambiguous.

20   3.    Equitable Estoppel

21        Plaintiff argues that Defendant should be estopped from denying coverage under the Ordinance

22   or Law provision because Plaintiff justifiably relied on Defendant's failure to deny the additional

23   coverage.  However, estoppel may not be applied to extend the coverage of an insurance policy.

24   Rizzuti v. Basin Travel Serv. of Othello, Inc., 125 Wn. App. 602, 614, 105 P.3d 1012 (2005).

25   Therefore, because Plaintiff is not entitled to coverage under the Ordinance or Law provision, the

ORDER - 7

1    Court must deny Plaintiff's estoppel claims.  However, the Court reserves holding on the issue of

2    estoppel on the remaining causes of action in tort.

3                                              **Conclusion**

4            The terms of the insurance agreement are unambiguous and Plaintiff is not entitled to the

5    increased cost of construction attributable to the passage of time or the hypothetical cost of ordinance

6    or law upgrades.  Because Plaintiff is not entitled to coverage under the Ordinance or Law provision,

7    Plaintiff may not extend the coverage of the insurance agreement by estoppel.  Therefore, the Court

8    GRANTS Defendant's motion for summary judgment on the three issues presented.  The Court's

9    ruling on summary judgment is limited to Plaintiff's contract claims and does not preclude Plaintiff

10   from raising any claims or defenses arising under tort theory.

11           The Clerk is directed to send copies of this order to all counsel of record.

12           Dated:   March 5, 2007.

13

14                                                    s/Marsha J. Pechman
                                                      Marsha J. Pechman
15                                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

ORDER - 8